## HARRIS *v.* CUFF.

*(Supreme Court, General Term, Second Department.* May 17, 1888.)

ATTORNEY AND CLIENT—COMPROMISE BY PARTIES—RIGHT OF ATTORNEY TO COSTS.

Where, pending an appeal from a judgment in favor of plaintiff, it was agreed between the parties that plaintiff would stop the action upon settlement by defendant of all taxable costs therein, and plaintiff further agreed to do certain work for defendant, his failure to do the work does not affect the right of plaintiff's attorney to his costs, though the latter had knowledge of the settlement.

Motion by the plaintiff, Joseph J. Harris, to dismiss an appeal from a judgment in his favor against Richard Cuff, defendant.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*T. J. Ritch, Jr.,* for the motion.   *Goodrich, Deady & Platt,* opposed.

BARNARD, P. J.   The plaintiff is a ship-builder, and was employed by the defendant to repair a vessel called "William S. Homer." The bill for the work was not paid, and the plaintiff obtained a judgment therefor, which was pending in this court on appeal.   The parties then entered into an agreement by and under which the plaintiff was to do more work on the same vessel at an agreed price.   The contract then provided as follows: "And Harris to stop the case now pending between Harris and Cuff on sloop W. S. Homer, on the following conditions:   For the party of the second part [Cuff] to settle all taxable and legal costs incurred in the above suit to September 14, 1885. The agreement then provided for other work to be done on the schooner William Bickly, presumably; but this is so blindly stated that the work may refer to the Homer.   It appears that the plaintiff did not perform the agreement as to the new work to be done under the agreement.   The fact furnishes no defense to the claim of the attorney for his costs.   The costs were the earnings of the attorney, and the agreement respected his rights by providing for his payment.   The settlement of this appeal was not effected by the mere signing of the agreement, as there was no provision for the payment of the attorney at all hazards.   If he was paid, the appeal was to be stopped; otherwise this part of the agreement was inoperative.   The attorney's knowledge of the settlement is not destructive of his rights.   If he is paid, he will get, under the agreement, what he is entitled to; and, if not, the judgment is not settled.

The motion to dismiss the appeal should be granted, unless the defendant, within 10 days, pay the costs according to the agreement, with $10 costs of this motion.

DYKMAN, J., concurred.